UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NOWAK DENTAL SUPPLIES, INC.,

    Plaintiff,

vs.

DENTSPLY INTERNATIONAL, INC.,

    Defendant.

_____/

Civil Action No. 1:07-01799

(Judge Conner)

**DEFENDANT DENTSPLY INTERNATIONAL INC.'S ANSWER TO THE INDIVIDUAL AND CLASS ACTION COMPLAINT**

Defendant Dentsply International Inc. ("Dentsply") answers the allegations set forth in plaintiff Nowak Dental Supplies, Inc.'s complaint as follows:

1.    Dentsply admits that plaintiff purports to assert claims on its own behalf and as a representative of a putative class. Dentsply denies that plaintiff's claims are maintainable as a class action.

### NATURE OF THE ACTION

2.    Dentsply admits that plaintiff is a distributor of prefabricated artificial teeth and that it has purchased prefabricated artificial teeth from Dentsply. Dentsply denies the remaining allegations contained in Paragraph 2.

3.  Dentsply denies the allegations contained in Paragraph 3.

4.  Dentsply admits that it previously distributed prefabricated artificial teeth through an exclusive dealing policy that required its authorized tooth dealers not to sell the artificial teeth of Dentsply's rivals. Dentsply also admits that it enforced its policy against its authorized tooth dealers. Dentsply denies the remaining allegations of Paragraph 4.

5.  Dentsply admits that in *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003), the court found that Dentsply's market share in the artificial tooth market was between 75% and 80% on a revenue basis. *Id.* at 185. Dentsply is without sufficient information to form a belief as to the truth of the allegations contained in the first sentence contained in Paragraph 5 regarding the "particular[] effective[ness]" of its conduct, and on that basis denies them. Dentsply denies the remaining allegations contained in Paragraph 5.

6.  Dentsply denies the allegations contained in Paragraph 6.

7.  Dentsply admits that the Department of Justice filed an antitrust suit against Dentsply in 1999, and that the Third Circuit reversed the United States District Court for the District of Delaware's holding on the Department of Justice's Section 2 claim in favor of Dentsply. Dentsply also admits that the District of Delaware entered final judgment for the DOJ and granted the DOJ injunctive relief. The final sentence contained in Paragraph 7 asserts a legal conclusion that does not require a response. Dentsply denies the remaining allegations contained in Paragraph 7.

## JURISDICTION AND VENUE

8. Dentsply admits that plaintiff purports to assert claims under Section 4 of the Clayton Act to recover treble damages and the costs of suit, including reasonable attorneys' fees, and under Section 2 of the Sherman Act. Dentsply also admits that plaintiff purports to assert these claims on its own behalf and as a representative of a putative class. Dentsply denies, however, that it has violated any law and denies that plaintiff's claims are maintainable as a class action. The remaining allegations contained in the second sentence of Paragraph 8 assert legal conclusions that do not require a response.

9. Dentsply admits that it transacts business within this district. The remaining allegations contained in Paragraph 9 assert legal conclusions that do not require a response.

10. Paragraph 10 asserts legal conclusions that do not require a response.

## THE PARTIES

11. Dentsply is without sufficient information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 11, and on that basis denies them. Dentsply admits that Nowak has purchased prefabricated artificial teeth from Dentsply. Dentsply denies the remaining allegations contained in Paragraph 11.

12. Dentsply admits that it is a Delaware corporation with corporate headquarters located in York, Pennsylvania. Dentsply also admits that it is a manufacturer and worldwide distributor of products and equipment for the dental market. Dentsply admits that its total net sales in 2001 were approximately $1.1 billion. Dentsply further admits that, through its Trubyte division, it manufactures

3

and markets products used by dental laboratories to make dentures and other removable dental prosthetics. Dentsply admits that in *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003), the court found that Dentsply's market share in the artificial tooth market was between 75% and 80% on a revenue basis. *Id.* at 185. Dentsply denies the remaining allegations contained in Paragraph 12.

## CLASS ACTION ALLEGATIONS

13. Dentsply admits that plaintiff purports to assert claims on its own behalf and as a representative of a putative class. Dentsply denies, however, that any legally cognizable class of plaintiffs exists. Dentsply denies the remaining allegations contained in Paragraph 13.

14. Dentsply denies the allegations contained in Paragraph 14.

15. Dentsply denies the allegations contained in Paragraph 15.

16. Dentsply denies the allegations contained in Paragraph 16.

17. Dentsply denies the allegations contained in Paragraph 17.

18. Dentsply denies the allegations contained in Paragraph 18.

19. Dentsply denies the allegations contained in Paragraph 19.

## FACTUAL ALLEGATIONS

20. Dentsply admits that, on January 5, 1999, the DOJ filed a complaint against Dentsply in the District of Delaware alleging that Dentsply's exclusive dealing policy violated Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act. Dentsply further admits that, following a bench trial, the district

court issued an opinion, *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003), and made findings of fact. The final sentence of paragraph 20 asserts legal conclusions that do not require a response. Dentsply denies the remaining allegations contained in Paragraph 20.

21. Dentsply denies that the allegations contained in Paragraph 21 completely and/or accurately describe the district court's findings in *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003) and on that basis denies them. Dentsply does admit, however, that the district court found that Dentsply's market share in the artificial tooth market was between 75% and 80% on a revenue basis and that Dentsply's market share was approximately 15 times larger than its next closest competitor. *Id.* at 185.

22. Dentsply denies that the allegations contained in Paragraph 22 completely and/or accurately describe the district court's findings in *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003) and on that basis denies them. Dentsply does admit, however, that the district court found that Dentsply enforced its dealer criteria against its authorized tooth dealers.

23. Dentsply denies that the allegations contained in Paragraph 23 completely and/or accurately describe the district court's findings in *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003) and on that basis denies them. Dentsply does admit, however, that in 1993 it formalized its existing criteria governing its dealers and reduced them to writing. Dentsply also admits that Dealer Criterion 6 required dealers or prospective dealers to not add further tooth lines to the product offering of that dealer.

24. Dentsply denies that the allegations contained in Paragraph 24 completely and/or accurately describe the district court's findings in *United States*

*v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003) and on that basis denies them. Dentsply does admit, however, that it enforced its dealer criteria against its authorized tooth dealers.

25. Dentsply denies that the allegations contained in Paragraph 25 completely and/or accurately describe the district court's findings in *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003) and on that basis denies them. Dentsply admits that the quote attributable to Gordon Hagler is correct.

26. Dentsply denies that the allegations contained in Paragraph 26 completely and/or accurately describe the district court's findings in *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003) and on that basis denies them. Dentsply admits that the district court found that "Dentsply's asserted justifications for its exclusionary policies are inconsistent with its own announced reason for its exclusionary policies, its conduct enforcing the policy, its rival suppliers' actions, and dealers' behavior in the marketplace." *Id.* at 446. Dentsply further admits that the district court found that "Dentsply's intent is [] apparent from its use of Trubyte merchandise as additional leverage in coercing dealers to agree not to add competing tooth brands." *Id.* at 420.

27. Dentsply admits that Third Circuit reversed the district court's holding on the DOJ's Section 2 claim, the only claim that the government appealed. *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir. 2005). Dentsply also admits that the Third Circuit held "that the relevant market here is the sale of artificial teeth in the United States to both laboratories and to the dental dealers." *Id.* at 188. Dentsply is without sufficient information to either admit or deny that the Third Circuit "reexamined Dentsply's conduct" and, on that basis, denies the remaining allegations contained in Paragraph 27.

28. Dentsply denies that the allegations contained in Paragraph 28 completely and/or accurately describe the Third Circuit's opinion in *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir. 2005) and on that basis denies them. Dentsply admits that the court determined that "[dealers] provide laboratories with the benefit of 'one stop-shopping' and extensive credit services." *Id.* at 192. Dentsply also admits that the court determined that dealers provide efficiency of scale to manufacturers. Dentsply further admits that the quote from the Third Circuit is accurate. Lastly, Dentsply admits that some artificial tooth manufacturers sell directly to dental laboratories.

29. Dentsply admits that the Third Circuit determined that "[t]he evidence in this case demonstrates that for a considerable time, through the use of Dealer Criterion 6 Dentsply has been able to exclude competitors from the dealers' network, a narrow, but heavily traveled channel to the dental laboratories." *Id.* at 190. Dentsply also admits that the quote from the Third Circuit's opinion is accurate. Dentsply denies the remaining allegations contained in Paragraph 29.

30. Dentsply admits that the quotes from the Third Circuit's opinion are accurate. Dentsply denies the remaining allegations contained in paragraph 30.

31. Dentsply admits that the quotes from the Third Circuit's opinion are accurate. Dentsply denies the remaining allegations contained in paragraph 31.

32. Dentsply admits that the Third Circuit held that "[t]he District Court erred in concluding that Dentsply lacked market power." *Id.* at 191. Dentsply also admits that the Third Circuit held that Dentsply unlawfully maintained a monopoly through its exclusive dealing policy. Dentsply further admits that the quote from the Third Circuit's opinion is accurate.

33. Dentsply admits that, on April 26, 2006, the district court entered a Final Judgment for the government. Dentsply also admits that, under the terms of the Final Judgment, "Dentsply shall not require any dealer to be, or agree with any dealer that it will become, an exclusive Dentsply tooth dealer." *United States v. Dentsply Int'l, Inc.*, 2006 U.S. Dist. LEXIS 94907 (D. Del., Apr. 26, 2006). Dentsply further admits that the opinions of the district court and Third Circuit are final and not subject to further review.

34. Paragraph 34 asserts legal conclusions that do not require a response.

**ANTICOMPETITIVE EFFECTS OF DENTSPLY'S CONDUCT**

35. Paragraph 35 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 35.

36. Paragraph 36 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 36.

37. Paragraph 37 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 37.

38. Paragraph 38 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 38.

## DAMAGES

39. Dentsply denies that plaintiff or any member of the putative class sustained any injury of any type as a result of Dentsply's conduct. The remaining allegations of Paragraph 39 assert legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the remaining allegations contained in Paragraph 39.

## STATUTE OF LIMITATIONS

40. The first sentence of Paragraph 40 asserts legal conclusions that do not require a response. Dentsply admits that the United States' litigation began on January 5, 1999 and continued through April 26, 2006. The remaining allegations in the second sentence of Paragraph 40 assert legal conclusions that do not require a response. Dentsply admits that on April 24, 2007, it entered into an agreement with plaintiff to toll the statutes of limitation and defenses related to time applicable "to any claim, cause of action, complaint, cross-claim, petition, demand or other legal action or proceeding against Dentsply under Sections 1 or 2 of the Sherman Act or Section 3 of the Clayton Act . . . arising out of or related in any manner to the facts or issues, or transactions raised or referred to in . . . *United States v. Dentsply Int'l, Inc.*, D. Del., Civil Action No. 99-005-MMS," and that such tolling was in effect from April 1, 2007 through the filing of plaintiff's complaint.

41. Paragraph 41 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 41.

## CAUSE OF ACTION

42.     Dentsply repeats and realleges its Answers to Paragraphs 1 through 41 above, as if fully set forth herein.

43.     Paragraph 43 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 43.

44.     Paragraph 44 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 44.

45.     Paragraph 45 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 45.

46.     Paragraph 46 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 46.

47.     Paragraph 47 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 47.

48.     Paragraph 48 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 48.

49. Paragraph 49 asserts legal conclusions that do not require a response. To the extent that a response is required, Dentsply denies the allegations contained in Paragraph 49.

All allegations in the complaint that Dentsply has not expressly admitted are denied. Dentsply denies that plaintiff is entitled to any of the relief that it requests in the complaint.

## AFFIRMATIVE DEFENSE

Dentsply expressly reserves the right to plead additional affirmative and other defenses should any such defenses be revealed by any discovery in this case.

Dentsply asserts the following defense without assuming the burden of proof as to any issue that otherwise would rest upon plaintiff:

### Defense

(Failure to Mitigate Damages)

Plaintiff's claims and those of the purported class are barred in whole or in part because plaintiff and the purported class members failed to mitigate their alleged damages, if any.

## PRAYER FOR RELIEF

Wherefore, Dentsply prays as follows:

(a) That plaintiff's complaint be dismissed with prejudice;

(b) That Dentsply be awarded the costs, expenses and disbursements incurred by it in defending this action;

11

(c) That Dentsply be awarded the attorneys' fees incurred by it in defending this action;

(d) That Dentsply be awarded prejudgment interest, as appropriate; and

(e) For such further relief as this Court may deem just and proper.

Dated: November 26, 2007                     Respectfully submitted,

 

                                                                     /s/ Harvey Freedenberg
Of Counsel:                                            Harvey Freedenberg
                                                                     McNEES WALLACE & NURICK LLC
Brian M. Addison                                  100 Pine Street
DENTSPLY INTERNATIONAL INC.   Harrisburg, PA 17101
Susquehanna Commerce Center      (717) 237-5267
221 W. Philadelphia Street
York, PA 17405-0872                           Margaret M. Zwisler
(717) 849-4363                                        Eric J. McCarthy
                                                                     Charles R. Price
                                                                     LATHAM & WATKINS LLP
                                                                     555 Eleventh Street, NW, Suite 1000
                                                                     Washington, D.C. 20004
                                                                     Telephone: (202) 637-2200
                                                                     Facsimile: (202) 637-2201

                                                                     Attorneys for Defendant,
                                                                     DENTSPLY INTERNATIONAL INC.

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing document was served this 26th day of November 2007 via electronic means upon counsel via the ECF filing system.

/s/ Harvey Freedenberg
Harvey Freedenberg

Of Counsel for Defendant

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NOWAK DENTAL SUPPLIES, INC.,

              Plaintiff,

vs.

DENTSPLY INTERNATIONAL, INC.,

              Defendant.

_____/

Civil Action No. 1:07-01799

(Judge Conner)

**DEFENDANT DENTSPLY INTERNATIONAL INC.'S
CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1, defendant Dentsply International Inc. states that it is has no parent corporation and that no publicly

held company owns 10% or more of its stock.

Dated: November 26, 2007                    Respectfully submitted,

/s/ Harvey Freedenberg

Of Counsel:                                 Harvey Freedenberg
                                            McNEES WALLACE & NURICK LLC
Brian M. Addison                            100 Pine Street
DENTSPLY INTERNATIONAL INC.                 Harrisburg, PA 17101
Susquehanna Commerce Center                 (717) 237-5267
221 W. Philadelphia Street
York, PA 17405-0872                         Margaret M. Zwisler
(717) 849-4363                              Eric J. McCarthy
                                            Charles R. Price
                                            LATHAM & WATKINS LLP
                                            555 Eleventh Street, NW, Suite 1000
                                            Washington, D.C. 20004
                                            (202) 637-2200

                                            Attorneys for Defendant,
                                            DENTSPLY INTERNATIONAL INC.