UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NOWAK DENTAL SUPPLIES, INC.,

      Plaintiff,

                                    Civil Action No. 1:07-01799

vs.

                                    (Judge Conner)

DENTSPLY INTERNATIONAL, INC.,

      Defendant.
_____/

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the Local Rules, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.**      **Principal Issues**

      1.10    Separately for each party, please give a statement summarizing this case:

      By plaintiff:

          Plaintiff Nowak Dental Supplies, Inc. is a direct purchaser of artificial teeth from defendant manufacturer Dentsply International, Inc.  On behalf of itself and other such direct purchasers, Nowak brings this antitrust class action in response to Dentsply's unlawful acts designed to maintain its dominant 80% share of the market for artificial teeth in the United States.

          Since 1987, if not earlier, Dentsply has used various anti-competitive practices to achieve and maintain a dominant market position by suppressing competition from products sold by other manufacturers. Dentsply has made an intentional, and successful, effort to deny its competitors access to the market for artificial teeth by imposing upon dental supply dealers (such as Plaintiff) exclusive dealing requirements forbidding purchase of artificial teeth manufactured by Dentsply's competitors, threatening to terminate or in fact terminating dealers who purchased and distributed such competing goods, and refusing to deal with dealers who distributed competing tooth lines.  This policy was eventually codified in Dentsply's "Dealer Criteria 6," which states that

dealers that are recognized as authorized distributors "may not add further tooth lines to their product offering." Thus, in enacting Dealer Criteria 6, Dentsply expressly stated its refusal to do business with dealers that added rival tooth lines. As it had with its unwritten policies, Dentsply actively monitored compliance with Dealer Criteria 6, and enforced the criteria by warning dealers not to add new lines of teeth, terminating dealers that did add new lines, and compelling some dealers to enter into express agreements to assure their partial or complete compliance with the criteria.

The cumulative effect of Dentsply's exclusionary conduct has been to foreclose competing manufacturers of artificial teeth from a substantial portion of the market, and to prevent them from (a) gaining market share, (b) achieving economies of scale and scope, and (c) driving up prices in the market for artificial teeth. As a result of Dentsply's unlawful conduct, Plaintiff and other dental supply dealers have paid overcharges on their purchases of artificial teeth. Absent Dentsply's anti-competitive conduct, Plaintiff and other dental supply dealers would have paid less for artificial teeth. Prices for these products would have been lower with unfettered competition because absent the exclusionary conduct: (a) Dentsply's prices to members of the Class for artificial teeth would have been lower; and, (b) members of the Class would have replaced some of their artificial teeth purchases from Dentsply with less-expensive dental products sold by Dentsply's competitors. As all such dealers have been similarly impacted by Dentsply's unlawful conduct, certification of this case as a class action is appropriate.

Dentsply's misconduct has been the subject of prior litigation and adjudication. In 1999, the Department of Justice filed an antitrust suit against Dentsply and succeeded in obtaining entry of an injunction against Dentsply by the United States District Court for the District of Delaware, based upon the Third Circuit's finding that Dentsply violated Section 2 of the Sherman Act as a result of the acts described above. The Third Circuit expressly found that distributors, such as Plaintiff Nowak, are direct purchasers who would be harmed if Dentsply's exclusionary conduct resulted in artificial tooth prices higher than would have been charged but for that conduct. Moreover, the Third Circuit found that dental supply dealers are the most efficient, and only practical, means of reaching the relevant market for artificial teeth. The final findings of fact and conclusions of law in the Delaware litigation will be binding upon Dentsply in this case.

By defendant:

This is an antitrust case brought by a tooth dealer under Section 2 of the Sherman Act on behalf of itself and a putative class of all tooth dealers that have purchased pre-fabricated artificial teeth directly from Dentsply International Inc. It is also a follow-on case to a complaint that the Department of Justice, Antitrust Division filed against Dentsply on January 5, 1999 (*United States v. Dentsply Int'l*

*Inc.* C.A. No. 99-005). The government alleged that Dentsply's exclusive dealing policy, which provided that authorized Dentsply tooth dealers could not add competing tooth lines to their product offerings (Dealer Criterion 6), violated Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act. After a four-week bench trial, the trial court held that Dentsply's conduct did not violate Sections 1 or 2 of the Sherman Act or Section 3 of the Clayton Act. *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003). The government appealed the trial court's ruling on its Section 2 claim, and, on February 24, 2005, the Third Circuit reversed, holding that Dentsply's conduct violated Section 2 of the Sherman Act. *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir. 2005). On September 14, 2005, Dentsply petitioned for a writ of certiorari to the United States Supreme Court. The Supreme Court later denied Dentsply's request to review the Third Circuit's decision. *United States v. Dentsply Int'l Inc.*, 546 U.S. 1089 (2006). Following the Third Circuit's mandate, the trial court entered injunctive relief in the government's favor on April 26, 2006. *United States v. Dentsply Int'l, Inc.*, 2006 U.S. Dist. LEXIS 94907 (D. Del., Apr. 26, 2006) (eliminating Dealer Criterion 6). Under the terms of the Final Judgment, "Dentsply shall not require any dealer to be, or agree with any dealer that it will become, an exclusive Dentsply tooth dealer." *Id*. at *3. The injunction will be in effect for seven and one-half years. *Id*. at *13.

Shortly after the trial court entered Final Judgment in the government's case, Dentsply terminated six dealers, including Nowak, as part of an overall plan to modify its method of distribution of dental products in the United States. One year later Nowak filed this lawsuit against Dentsply. In its complaint, Nowak alleges that it will be able to maintain its lawsuit as a class action. But Dentsply intends to demonstrate through early briefing that Nowak will not be able to satisfy the requirements of Fed. R. Civ. P. Rule 23 and, in particular, Rule 23(a)(i)'s numerosity requirement. Second, Nowak alleges that it and putative class members have been injured by Dentsply's conduct, that the trial court and Third Circuit made findings of fact and conclusions of law to this effect, and that Dentsply is collaterally estopped from contesting whether Nowak suffered such injury. Dentsply will demonstrate that the Third Circuit's decision in the government litigation does not collaterally estop Dentsply from contesting whether Nowak suffered injury because that issue was not litigated in the government action. Further, Nowak will be unable to demonstrate that it suffered injury as a result of Dentsply's conduct and thus its Sherman Act Section 2 claim fails as a matter of law.

The principal <u>factual</u> issues that the parties <u>disagree</u> upon are:

1.11    Whether Dentsply's Dealer Criterion 6 injured Nowak and members of the putative class and, if so, the extent of those damages.

1.12    Whether Nowak's own actions caused its alleged injury and the injuries members of the putative class allegedly suffered.

1.13    Whether Nowak and members of the putative class mitigated their alleged damages.

1.14    Whether dental supply dealers are the most practical and effective means of distribution of artificial teeth within the market for prefabricated artificial teeth as identified by the Third Circuit.

1.15    Whether dealers provide efficiencies of scale that reduce distribution costs, and take on credit risks that manufacturers otherwise would have to assume if selling to laboratories directly.

1.16    Whether manufacturers of prefabricated artificial teeth need to distribute through local dental supply dealers throughout the country in order to compete effectively.

1.16    Whether Dealer Criterion 6 permitted Nowak and other members of the putative class to sell "grandfathered brands" of artificial teeth that tooth dealers had sold prior to the implementation of Dealer Criterion 6.

The principal <u>factual</u> issues that the parties <u>agree</u> upon are:

1.20    The parties agree that the district court made the findings of fact and conclusions of law contained in *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003).

1.21    The parties agree that the Third Circuit reversed the district court's ruling on the government's Section 2 claim in *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir. 2005).

1.22    The parties agree that Dealer Criterion 6 required authorized Dentsply dealers or prospective dealers to refrain from adding the artificial teeth of Dentsply's competitors to their product offerings.

The principal <u>legal</u> issues that the parties <u>dispute</u> are:

1.30    Whether Nowak and the putative class satisfy the requirements of Federal Rule of Civil Procedure 23 to proceed as a class action.

1.31    Whether the issue of whether tooth dealers that purchased pre-fabricated artificial teeth directly from Dentsply suffered injury was litigated in the government's lawsuit against Dentsply.

1.32    Whether Dentsply is collaterally estopped from contesting whether Nowak and members of the putative class suffered injury.

1.33    The preclusive effect of the trial court's findings in *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003).

  1.34 Whether this case should be transferred to the United States District Court for the District of Delaware.

  1.35 Whether Nowak and members of the putative class had a duty or obligation under the law to mitigate their alleged damages.

The principal <u>legal</u> issues that the parties <u>agree</u> upon are:

  1.40 The parties agree that the Third Circuit concluded that Dealer Criterion 6 violated Section 2 of the Sherman Act.

 1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

Dentsply intends to move for a transfer of venue to the United States District Court, District of Delaware pursuant to 28 U.S.C. § 1404(a).

1.60 Identify any named parties that have not yet been served:

None.

1.70 Identify any additional parties that:

plaintiff(s) intends to join:

None.

defendant(s) intends to join:

None.

1.80 Identify any additional claims that:

plaintiff(s) intends to add:

None.

defendant(s) intends to add:

None.

**2.0 Alternative Dispute Resolution ("ADR")**

2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

| ADR procedure: | None |
| --- | --- |
| Date ADR to be commenced: | n/a |
| Date ADR to be completed: | n/a |

2.20    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

2.30    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

The parties do not believe that this case is appropriate for ADR at this time.

## 3.0    Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: _____ Y    ___X__N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___    Scranton
___    Wilkes-Barre
___    Harrisburg

## 4.0    Disclosures

4.100    Separately for each party, list by name and title/position each person whose identity has been disclosed.

None to date.  Dentsply is moving for a transfer of venue pursuant to 28 U.S.C. § 1404(a).  If that motion is unsuccessful, the parties will complete initial disclosures pursuant to Federal Rule of Civil Procedure 26 within 15 days of this Court's decision on Dentsply's Motion to Transfer or, alternatively, no later than February 22, 2008.

4.200    Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

None to date.  Dentsply is moving for a transfer of venue pursuant to 28 U.S.C. § 1404(a).  If that motion is unsuccessful, the parties will complete initial disclosures pursuant to Federal Rule of Civil Procedure 26 within 15 days of this Court's decision on Dentsply's Motion to Transfer or, alternatively, no later than February 22, 2008.

4.300   Additional Documents Disclosures: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301   Additional categories of documents plaintiffs will disclose:

    4.302   available electronic records showing (a) Nowak's orders to Dentsply, and (b) payments from Nowak to Dentsply cross-referencing the relevant invoices

4.351   Additional categories of documents defendant will disclose:

    4.352   Documents made public in the government action.

    4.353   Documents that Dentsply produced or received in the government action, now maintained in electronic form, subject to an appropriate protective order.

    4.354   Transactional sales data that reflects sales of Dentsply artificial teeth. The parties will be meeting and conferring over the next few weeks to assess the nature of that production. Should the parties be unable to reach an accord on the scope and nature of this production, the parties reserve the right to seek appropriate relief from the court. Such relief can be sought no earlier than January 15, 2008.

    4.355   Prior to serving initial disclosures, the parties intend to negotiate and enter into a protective order. Once a protective order is in place, Dentsply will begin a voluntary production of the documents described in 4.352, 4.353 and 4.354.

4.400   Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

    4.401   plaintiff's calculation of damages: To be determined

    4.402   defendant's calculation of offset: To be determined

    4.403   counter claimant/third party claimant's calculation of damages: To be determined, if any.

**5.0    Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>        <u>Moving Party</u>        <u>Anticipated Filing Date</u>

As set forth in Section 1.50 above, Dentsply intends to move for a transfer of venue pursuant to 28 U.S.C. § 1404(a).

Nowak believes that the findings and conclusions of the Third Circuit are dispositive of certain question of law and fact relevant to plaintiff's case in chief, and the resolution of which will impact the scope of discovery and motion practice in the instant case.  Accordingly, should the parties be unable to agree on the preclusive effect of the Third Circuit's decision, Nowak proposes to file a motion for partial summary judgment on this question.

**6.0    Discovery**

6.100    Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None to date

By defendant(s): None to date

6.200    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The parties have not yet identified any types of discovery that both sides agree should be taken.

6.300    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

The parties have not yet identified any substantial issues of dispute with respect to proposed discovery.

6.400    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

The parties have not yet identified any potential subject area limitations on discovery.

6.500    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by

stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

As requested below, Nowak believes that an increase to discovery otherwise permitted by the federal and/or local rules is justified by the numerous issues of fact and law in dispute in this class antitrust action (many of which are listed above). The court has already approved such an increase with regard to the number of depositions in the related Lactona and Univac cases. Here, Plaintiff respectfully requests an increase to these numbers to permit discovery of these issues, and to gather information necessary to move for class certification. However, Nowak realizes that significant discovery has already taken place in the government action, and does not wish to unnecessarily burden defendant. Provided that such discovery (including depositions) are admitted for use in this case, Nowak will agree not to seek discovery duplicative of information produced in that case. Furthermore, Nowak agrees to further limit proposed discovery requests in the event that the issues in dispute are narrowed, either by agreement of the parties or decision of the court, as a result of the Third Circuit's findings in the government action.

Dentsply disagrees with Nowak's position. It is premature for Nowak to request such a radical a departure from the limitations on depositions, interrogatories and requests for admission as set forth in the Local Rules and the Federal Rules of Civil Procedure, particularly given the Third Circuit's decision in the government litigation. Dentsply, however, agrees to work with plaintiff on these issues if, at a later date, Nowak can demonstrate why it is that it is entitled to the additional discovery.

6.501    depositions (excluding experts) to be taken:

Nowak believes that a limit of 40 depositions per side is appropriate.

Dentsply believes that a limit of 10 depositions per side is appropriate.

6.502    interrogatories to be served:

Nowak believes that a limit of 50 interrogatories per side is appropriate.

Dentsply believes that a limit of 25 interrogatories per side is appropriate.

6.503    document production requests to be served:

Nowak believes that a limit of 50 document production requests per side is appropriate.

Dentsply believes that a limit of 25 document production requests per side is appropriate.

6.504   requests for admission to be served by:

Nowak believes that a limit of 50 requests for admission per side is appropriate.

Dentsply believes that a limit of 25 requests for admission per side is appropriate.

6.600   All discovery commenced in time to be completed by:

6.601   Class discovery (non-expert) to be completed by August 4, 2008

6.602   Class discovery (expert) to be completed by September 15, 2008

6.603   Merits discovery (non-expert) to be completed December 15, 2008

6.604   Merits discovery (expert) to be completed April 30, 2009

6.605   The parties are not proposing a stay of merits discovery during the time allotted for class discovery.

6.700   Reports from retained experts due:

6.701   Reports from class certification experts due:

from plaintiff by June 2, 2008

from defendant by August 4, 2008

6.702   Reports from merits experts due:

from plaintiff by January 16, 2009

from defendant by March 13, 2009

6.800   Supplementation Reports due:

Nowak believes reply expert reports are appropriate for both class certification and merits. Nowak proposes to file a reply expert report on class certification on September 15, 2008 and a reply expert report on merits on April 13, 2009. It is common practice within this district to permit the movant to file reply expert reports, and in fact this Court has permitted such filings in the related Lactona and Univac actions. Not to do so would permit Defendant to raise new arguments and defenses through their expert which the movant would not have an opportunity to rebut.

Dentsply does not believe that Nowak is entitled to reply expert reports as a matter of course and that it is premature to even set dates for reply reports. If, after reviewing Dentsply's expert reports, Nowak can point to something

absolutely new and rebuttable that Nowak did not raise in its own report, Dentsply does not object to Nowak petitioning this Court for the right to submit rebuttal reports.

**7.0    Protective Order**

7.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.

7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

At present, the parties are not in dispute about the need for a protective order, but they have yet to settle on the terms of such an order.

**8.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Bernard Nowak
6716 Hwy 11
Carriere, MS  39426

Brian M. Addison
Corporate Counsel
Dentsply International Inc.
Susquehanna Commerce Center
221 West Philadelphia Street
York, Pennsylvania 17405
(717) 845-7511

**9.0    Scheduling**

9.1    This case may be appropriate for trial in approximately:

_____ 240 Days from the filing of the action in this court

_____ 365 Days from the filing of the action in this court

725 days from the filing of the action in this court

9.2    Suggested Date for Trial:

October 2009

9.3    Suggested Date for the final Pretrial Conference:

September 1, 2009

9.4    Final date for joining additional parties:

August 1, 2008          Plaintiff

August 1, 2008          Defendant

9.5    Final date for amending pleadings:

December 20, 2007    Plaintiff

December 20, 2007    Defendant

9.6    All potentially dispositive motions should be filed by:

May 18, 2009

**10.0    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0    Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Also please indicate ECF User status below.

Dated: December 4, 2007                    Bruce E. Gerstein
                                           Garwin, Gerstein & Fisher LLP
                                           1501 Broadway, Suite 1416
                                           New York, NY 10036
                                           (212) 398-0055

                                            _X__ ECF User(s)

                                           Adam M. Steinfeld
                                           Garwin, Gerstein & Fisher LLP
                                           1501 Broadway, Suite 1416

New York, NY 10036
(212) 398-0055

 _X__  ECF User(s)


Dated: December 4, 2007                    Harvey Freedenberg
                                           MCNEES WALLACE & NURICK LLC
                                           100 Pine Street
                                           Harrisburg, PA 17101
                                           (717) 237-5267
                                            _X__  ECF User

                                           Margaret M. Zwisler
                                           Eric J. McCarthy
                                           Charles R. Price
                                           LATHAM & WATKINS LLP
                                           555 Eleventh Street, NW, Suite 1000
                                           Washington, D.C.  20004
                                           Telephone:  (202) 637-2200
                                           Facsimile:  (202) 637-2201
                                            _X__  ECF Users

                                           Attorneys for Defendant Dentsply
                                           International Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2007, I electronically filed the foregoing Joint Case

Management Plan, using the CM/ECF system, which sent notification of such filing to the

following:

        Eric J. McCarthy - eric.mccarthy@lw.com
        Margaret M. Zwisler - peggy.zwisler@lw.com
        Harvey Freedenberg -  hfreedenberg@mwn.com
        Steven E. Grubb - seg@goldbergkatzman.com

and to the following people via first class mail and electronic mail:

        Charles R. Price
        Latham & Watkins LLP
        555 Eleventh Street NW
        Suite 1000
        Washington, DC 20004-1304

                        /s/ Adam M. Steinfeld
                        Adam M. Steinfeld