

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

– – – – – – – – – – – – – – – – – – – – – – – – – x
                                                  :
NOWAK DENTAL SUPPLIES, INC.,                      :
                                                  :
            Plaintiff,                            :       No. 1:07-cv-01799
                                                  :
       v.                                         :
                                                  :       (Judge Conner)
DENTSPLY INTERNATIONAL, INC.,                     :
                                                  :
            Defendant.                            :
                                                  :
– – – – – – – – – – – – – – – – – – – – – – – – – X


## STIPULATED PROTECTIVE ORDER

In order to protect the confidentiality of confidential information produced in connection with this case, the parties to this "Stipulated Protective Order" ("Order") hereby agree as follows:

1.      Any party to this Order ("party" or "parties" refers respectively to a party or parties to this Order) or non-party to this Order may designate as "Confidential" (by stamping the relevant page or as otherwise set forth herein) ("Designating Party") any document or other materials produced or otherwise disclosed by the Designating Party voluntarily or in response to a discovery request, subpoena or court order which the Designating Party considers in good

faith to contain, embody, or otherwise reveal "Confidential Information". For

purposes of this Order, "Confidential Information" shall be either (a) information

from after January 1, 2003 involving any business, association or professional

matters that are not generally known, that have commercial value and that the

Designating Party would not normally reveal to third parties or would cause third

parties to maintain in confidence; or (b) information from before January 1, 2003

involving any trade secret or other confidential research, development, or

commercial information, as such terms are used in Rule 26(c)(7) of the Federal

Rules of Civil Procedure, the disclosure, or further disclosure, of which would

result in a clearly defined and serious injury to such party; or (c) information

described in Paragraph 7 of this Order. Where a document or response containing

Confidential Information consists of more than one page, the first page and each

page on which Confidential Information appears shall be so designated.

2.    Any party or non-party may designate as "Highly Confidential" (by

stamping the relevant page or as otherwise set forth herein) any document or other

materials produced or otherwise disclosed by a party voluntarily or in response to a

discovery request, subpoena or court order which the Designating Party considers

in good faith to contain "Highly Confidential Information". For purposes of this

order, "Highly Confidential Information" shall be information from after January

1, 2003 involving any trade secret or other confidential research, development, or

2

commercial information, as such terms are used in Rule 26(c)(7) of the Federal

Rules of Civil Procedure, the disclosure, or further disclosure, of which would

result in a clearly defined and serious injury to such party. Where a document or

response containing Highly Confidential Information consists of more than one

page, the first page and each page on which Highly Confidential Information

appears shall be so designated.

3.      Upon a showing of good cause by the Designating Party, and an order

of the Court issued after all parties have been given notice and an opportunity to be

heard at a hearing, specific information from before January 1, 2003, involving any

trade secret or other confidential research, development, or commercial

information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil

Procedure, the disclosure, or further disclosure, of which would result in a clearly

defined and serious injury to such party, may be designated as "Highly

Confidential Information." A Designating Party's intention to make such a showing

is not, without more, a ground for such person to withhold information from

discovery or to delay its production. A party wishing to have specific information

from before January 1, 2003 treated as "Highly Confidential Information" should

designate such information as Highly Confidential and upon production

specifically identify that information to the other parties. As a result of this notice,

the information shall be treated by the parties as "Highly Confidential". After five

(5) business days, if the parties have not agreed to treating the information as Highly Confidential, then the Designating Party shall notify the Court that it wishes to raise this issue with the Court. If the Designating Party makes such a request to the Court after identifying and producing this pre-2003 information to all other parties, the information shall be treated as "Highly Confidential" until the Court rules on the request. If the Designating Party does not identify this pre-2003 information to the parties and/or does not notify the Court that it wishes to raise this issue with the Court, then this pre-2003 information shall have no extra privileges deriving from this paragraph and shall be treated as Confidential Information unless the parties otherwise agree.

4.    Any party may designate information disclosed by that party during a deposition as "Confidential" or "Highly Confidential" by so indicating on the record at the deposition. Where such a designation is made during a deposition, the front page of the transcript shall be marked by the court reporter as follows: "Contains Confidential Information Subject to Protective Order" or "Contains Highly Confidential Information Subject to Protective Order." If no such designation is made during a deposition, the entire transcript of the deposition shall be treated by each party as if it were Highly Confidential for twenty (20) days after such party receives the transcript. Within twenty (20) days after a party receives the transcript of a deposition of such party, such party may give notice in writing to

all other parties that information disclosed during the deposition is Confidential or

Highly Confidential and designating specific pages and lines of the transcript as

"Confidential" or "Highly Confidential".  Any party may object to the designation

of any information disclosed during a deposition, or any part of a deposition

transcript, as Confidential, or Highly Confidential and may do so on the record

during the deposition, or, in writing, at any time after the designation has been

made.  Upon such objection, the parties shall follow the procedures described in

paragraph 17 below.  After any designation made according to the procedure set

forth in this paragraph, the designated information shall be treated according to the

designation until the matter is resolved according to the procedures described in

paragraph 17 below, and counsel for all parties shall be responsible for marking all

previously unmarked copies of the designated material in their possession or

control with the specified designation.

     5.     Any party may voluntarily disclose to others, without restriction, any

information designated by such party as Confidential or Highly Confidential, or

may give written permission to another party or other person to reveal such

Confidential Information or Highly Confidential Information to a person not

otherwise entitled to receive such information under this Order, although

Confidential Information or Highly Confidential Information may lose its status if

it is made public.

6.    Production of any information, documents or materials in response to a discovery request, subpoena or court order without a designation of "Confidential" or "Highly Confidential" shall not in and of itself be deemed a waiver of any party's claim of confidentiality as to such matter.   A producing party may belatedly designate materials or information as "Confidential," or "Highly Confidential" so long as it does so reasonably promptly after learning of the oversight.  When a producing party makes a belated "Confidential" or "Highly Confidential" designation, counsel for all other parties shall make reasonable efforts to maintain the confidentiality of the information, including seeking the return of such Confidential Information or Highly Confidential Information from any person to whom disclosure was made but to whom disclosure would not have been permitted by this Order had the Confidential or Highly Confidential material been timely designated.  Any non-designating party may object to the belated designation, in which case, the parties shall follow the procedures in paragraph 17, below.

7.    Any information designated as confidential under the stipulated protective order entered in *United States v. Dentsply Int'l, Inc.*, C.A. No. 99-005 (D. Del.), or the stipulated protective order entered in *Howard Hess Dental Laboratories Inc., et al. v. Dentsply Int'l, Inc.*, C.A. No. 99-255 (D. Del.), or the stipulated protective order entered in *Jersey Dental Laboratories v. Dentsply*

*International, Inc.*, C.A. No. 01-267 (D. Del.), or filed under seal in either of those actions, may and must be treated as information designated as "Confidential" under this Order, unless and until the designating person withdraws such designation, or, pursuant to the procedure under paragraph 17, the material otherwise loses its designation as Confidential Information.

8.    Except with the prior written consent of the Designating Party, or upon prior order of this Court obtained upon notice to all parties, Confidential Information shall not be disclosed to any person other than:

A)    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

B)    employees of such counsel;

C)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the certification annexed to this Order as "Attachment A" (a "Certification") (which shall be retained by counsel to the party disclosing the Confidential Information to the consultant or expert witness, and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon

order of the Court) before being shown or given any Confidential Information;

D)    any authors or recipients (prior to production herein) of the Confidential Information;

E)    the Court, Court personnel, and court reporters; and

F)    deponents, and their counsel, in preparation for and/or during their depositions, provided that such deponent is:

(i) a person described in 8(D);

(ii) a current employee of the Designating Party of the Confidential Information to be disclosed; or

(iv) a former employee of the Designating Party of the Confidential Information to be disclosed, provided that, (a)the deponent had access to the Confidential Information at the time employed by the Designating Party and such access is apparent from the face of a document introduced at deposition, or (b) it is confirmed by testimony or through other discovery that the former employee had access to the Confidential Information (regardless of the form or means of access) during the deponent's employment with the Designating Party..

8

At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 4 above. Such deponents shown Confidential Information shall not be allowed to retain documents containing this Confidential Information.

9.    Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Highly Confidential Information shall not be disclosed to any person other than:

A)    counsel for the respective parties to this litigation, including in-house counsel, provided that such counsel does not make or participate in business decisions for the party, or an in-house counsel agreed to in advance by the parties, and co-counsel retained for this litigation;

B)    employees of such counsel whose assistance is required in this litigation;

C)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party disclosing the Highly Confidential Information to the consultant or expert witness and

made available for inspection by opposing counsel during the
pendency or after the termination of the action only upon good
cause shown and upon order of the Court) before being shown
or given any Highly Confidential Information;

D)   any authors or recipients (prior to production herein) of the
Highly Confidential Information; and

E)   the Court, Court personnel, and court reporters;

F)   deponents, and their counsel, in preparation for and/or during
their depositions, provided that such deponent is:

(i) a person described in 9(D);

(ii) a current employee of the Designating Party of the
Confidential Information to be disclosed; or

(iv) a former employee of the Designating Party of the
Confidential Information to be disclosed, provided that, (a)the
deponent had access to the Confidential Information at the time
employed by the Designating Party and such access is apparent
from the face of a document introduced at deposition, or (b) it is
confirmed by testimony or through other discovery that the
former employee had access to the Confidential Information

10

(regardless of the form or means of access) during the

deponent's employment with the Designating Party..

At the request of any party, the portion of the deposition

transcript involving the Highly Confidential Information shall

be designated "Highly Confidential" pursuant to paragraph 4

above.  Such deponents shown Highly Confidential Information

shall not be allowed to retain documents containing this Highly

Confidential Information.

G)   Highly Confidential Information shall only be disclosed to

individuals entitled to receive such information under

paragraphs 9(A) and 9(B) of this Order to the extent that such

disclosure is necessary for the conduct of this litigation.

10.   Each party shall make its best efforts to obtain a signed Certification

of each of its employees or agents who is deposed prior to such person's being

deposed.  If a party is unable to obtain a signed Certification from any such

employee or agent, such party will inform the deposing party no less than five (5)

business days prior to the scheduled date of the deposition of that person from

whom a signed Certification has not been obtained.

11.   Brian Addison, General Counsel for Dentsply, shall not have access to

Highly Confidential Information unless he makes a predefined requisite showing,

as determined by the Court, which, at a minimum, shall include: (1) extraordinary detailing of the circumstances warranting disclosure; (2) an explanation of why employment of any and all filtering devices would not suffice; and (3) an explanation of why reliance on the representations and opinions of outside counsel would not be adequate.  If Dentsply applies to the Court for Brian Addison to have access to certain Highly Confidential Information, the producing party shall have the right to be heard before the Court determines that Dentsply has made the requisite showing.

12.    Every person, other than the Court, Court personnel, court reporters, persons referenced in paragraph 8(D), and 9(D) and outside counsel for the parties (and their stenographic, clerical, secretarial, paralegal or other personnel whose functions require access to the information), who receives Confidential Information  or Highly Confidential Information shall read this Order and execute a Certification, stating that the person agrees to be bound by the terms of this Order.  Counsel for each party shall maintain a file containing the Certifications executed by each such person to whom disclosure of Confidential Information or Highly Confidential Information is made by such counsel.

13.    Any persons receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth

herein. Confidential Information and Highly Confidential Information shall be used only for the purposes of this action, including trial and any appeals, and for no other purpose.

14.    If Confidential Information or Highly Confidential Information is disclosed to any person not authorized by this Order to receive it, the person responsible for such disclosure must notify the Designating Party promptly upon learning of such disclosure, and take all reasonable steps to secure the return of such information and to ensure that such information is not further disseminated to persons not authorized to receive it under this Order.

15.    Nothing herein shall impose any restrictions on the use or disclosure by a party or other person subject to this Order regarding any documents, material or information obtained by such party or other person independently of the discovery proceedings in this action, whether or not such documents, material or information also are obtained by such party or other person through discovery proceedings in this action.

16.    For applications and motions to the Court on which a party submits Confidential Information or Highly Confidential Information, all documents and chamber copies containing Confidential Information or Highly Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes,

a copy of the first page of the document shall be attached.  If Confidential

Information or Highly Confidential Information is included in the first page

attached to the outside of the envelopes, it may be deleted from the outside copy.

The word "CONFIDENTIAL" or "Highly Confidential" shall be stamped on the

envelope and a statement substantially in the following form shall also be printed

on the envelope:

> This envelope is sealed pursuant to Order of the Court,
> contains Confidential Information and is not to be opened
> or the contents revealed, except by Order of the Court or
> agreement by the parties.

> or

> This envelope is sealed pursuant to Order of the Court,
> contains Highly  Confidential Information and is not to
> be opened or the contents revealed, except by Order of
> the Court or agreement by the parties.

17.    If a party contends that any information is not entitled to confidential

treatment, such party may at any time challenge the Confidential or Highly

Confidential designation by giving written notice of its objection to such

designation to the Designating Party.  The parties shall, within ten (10) days of

such notice, meet and confer in an attempt to resolve the disputed designation.  If

the parties are unable to reach a resolution, the party challenging the designation

may seek an order from the Court changing or removing said designation.  The

party or other person who designated the information as Confidential or Highly

Confidential has the burden of establishing that the information is entitled to such designation and protection.

18.    Notwithstanding any challenge to the designation of material as Confidential Information or Highly Confidential, all material designated as Confidential or Highly Confidential shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

A)    the party or other person who claims that the material is Confidential Information or Highly Confidential withdraws such designation in writing; or

or

B)    the Court rules the material is not Confidential Information or Highly Confidential Information.

19.    All provisions of this Order restricting the communication or use of Confidential Information or Highly Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information or Highly Confidential Information, other than that which is contained in court filings, correspondence, deposition transcripts, reports of such party's experts that have been exchanged with other parties, or such party's work product shall either (a) return documents containing such information no later than thirty

(30) days after conclusion of this action to counsel for the party or other person who provided such information, or (b) destroy all documents containing such information within the time period upon consent of the party or other person who provided the information and certify in writing within thirty (30) days after the documents have been destroyed.

20. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents or other materials at trial or any pre-trial hearing.

21. Nothing in this Order shall limit a party's or a non-party's ability to object to the use of Confidential Information or Highly Confidential Information at trial or a pre-trial hearing. Additionally, the designation, or lack of designation, of Information as Confidential or Highly Confidential under this Order shall be of no evidentiary effect in this case.

22. The parties shall confer and attempt to agree before any trial or pre-trial hearing on the procedures under which Confidential Information or Highly Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing Confidential Information or Highly Confidential Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information or Highly Confidential Information at

trial or hearing upon reasonable notice to all parties and non-parties who have produced such information.

23.     Rule 26(b)(5) of the Federal Rules of Civil Procedure shall govern any inadvertent production of privileged or protected materials.  Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

24.     Nothing in this Order shall prevent any party hereto from producing any document or information in its possession to another person in response to a subpoena or other compulsory process, provided, however, that if such party receives a subpoena or other compulsory process seeking Confidential Information or Highly Confidential Information, that party shall, as far in advance of making any production as is reasonably possible, and, in any event, no less than five (5) days before making any production, give written notice to counsel for the Designating Party, and, unless prohibited by law, enclose to such counsel a copy of the subpoena or other compulsory process.

25.     Any non-party from which or from whom discovery is sought shall have the same rights and be subject to the same obligations under this Order as a party.

26.    When a party seeks discovery from a non-party, such party shall serve a copy of this Order on such non-party.

27.    The parties retain the right, singly and/or collectively, to seek modification of this Order by the Court.

GOLDBERG KATZMAN, P.C.

By:___/s/ Steven Grubb
   Steven E. Grubb, Esquire
   320 Market Street, Strawberry
   Square
   P.O. Box 1268
   Harrisburg, PA 17108
   Phone (717) 234-4161
   Fax (717) 234-6808
   *Attorney for Plaintiff*

MCNEES   WALLACE   &   NURICK
LLC

By:___/s/ Harvey Freedenberg___
   Harvey Freedenberg, Esquire
   100 Pine Street
   Harrisburg, PA 17101
   Phone (717) 237-5267
   Fax (717) 260-1693
   *Attorney for Defendant Dentsply*
   *International, Inc.*

GARWIN GERSTEIN & FISHER LLP

By:___/s/ Adam Steinfeld_____
   Bruce E. Gerstein, Esquire
   Noah Silverman, Esquire
   Adam Steinfeld, Esquire
   1501 Broadway, Suite 1416
   New York, NY 10036
   Phone (212) 398-0055
   Fax (212) 764-6620
   *Attorneys for Plaintiff*

LATHAM & WATKINS LLP

By:___/s/ Charles Price
   Margaret M. Zwisler, Esquire (#
245951)
   Eric J. McCarthy, Esquire (# 455769)
   Charles R. Price, Esquire (# 488425)
   555 Eleventh Street, NW, Suite 1000
   Washington, D.C.  20004
   Phone  (202) 637-2200
   Fax (202) 637-2201
   *Attorneys for Defendant Dentsply*
   *International, Inc.*

Dated:    Jan. 25, 2008

IT IS SO ORDERED.

SIGNED AND ENTERED this _25th_ day of _January_, 2008.

UNITED STATES DISTRICT JUDGE

# ATTACHMENT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

– – – – – – – – – – – – – – – – – – – – – – – – – x
– – – – –

|  |  |  |
|---|---|---|
| | : | |
| NOWAK DENTAL SUPPLIES, INC., | : | |
| | : | |
| Plaintiff, | : | No. 1:07-cv-01799 |
| | : | |
| v. | : | |
| | : | (Judge Conner) |
| DENTSPLY INTERNATIONAL, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

– – – – – – – – – – – – – – – – – – – – – – – – – x
– – – – –

## CERTIFICATION

I hereby certify my understanding that Confidential Information and/or

Highly Confidential Information is being provided to me pursuant to the terms and

restrictions of the Stipulated Protective Order dated _____,

in *Nowak Dental Supplies, Inc. v. Dentsply Int'l, Inc., et al.*, No. 1:07-cv-01799

(M.D. Pa.). I have been given a copy of that Order and read it. I agree to be bound

by the Order.  I will not reveal the Confidential Information or the Highly

Confidential Information to anyone, except as allowed by the Order.  I will

maintain all such Confidential Information and Highly Confidential Information --

including without limitation copies, notes, or other transcriptions made therefrom -

- in a secure manner to prevent unauthorized access to it.  No later than thirty (30)

days after the conclusion of this action, I will destroy the Confidential Information

and Highly Confidential Information –including without limitation copies, notes,

or other transcriptions made there from - or return it to the counsel who provided

me with the Confidential Information and/or the Highly Confidential Information.

I hereby consent to the jurisdiction of the United States District Court for the

Middle District of Pennsylvania, for the purpose of enforcing the Stipulated

Protective Order.

DATED: _____          _____
                                                                           Name