IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOWAK DENTAL SUPPLIES, INC.,** | : | **CIVIL ACTION NO. 1:07-CV-1799** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **DENTSPLY INTERNATIONAL, INC.,** | : | |
| | : | |
| Defendant | : | |

### ORDER

AND NOW, this 4th day of August, 2008, upon consideration of defendant's motion to transfer (Doc. 22) the above-captioned matter to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a), and it appearing that factors guiding the transfer analysis include the existence of related litigation in another district with which another judge is familiar,[1] the convenience of the parties and witnesses, whether litigation will be expedited or simplified by transferring it elsewhere, the plaintiff's choice of forum, the defendant's choice of forum, where the claim arose, and the public policies of the respective courts,[2] see Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), see also Weber v. Basic Comfort, 155 F. Supp. 2d 283, 287 (E.D. Pa. 2001) (observing that courts

---

[1] The existence of related litigation in another forum is a compelling reason to grant a transfer and may "tilt the balance in favor of a transfer even when the convenience of the parties and witness would point to a denial." Ayling v. Travelers Prop. Cas. Corp., No. Civ. A. 99-3243, 1999 WL 994403, at *4 (E.D. Pa. Oct. 28, 1999); see also Burger King Corp. v. Stroehmann Bakeries, Inc., 929 F. Supp. 892, 895 n.2 (E.D. Pa. 1996).

[2] Twelve factors guide the transfer analysis: "(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law." In re Amendt, 169 F. App'x 93, 96 (3d Cir. 2006) (quotations omitted).

possess an "interest in having related cases litigated in the same jurisdiction"); Todd Shipyards Corp. v. Cunard Line, Ltd., 708 F. Supp. 1440, 1450 (D.N.J. 1989) (same), and that a plaintiff's forum choice "is simply a preference" entitled to less deference when the plaintiff commences a class action or a suit outside the plaintiff's home district, Melone v. Boeing Co., No. 2:07-CV-1192, 2008 WL 877974, *2 (D.N.J. Mar. 28, 2008) (citation omitted), see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981); Wolfson v. Diamond Crystal Salt Co., No. 88-4103, 1989 WL 11066, at *1 (E.D. Pa. 1989) ("[T]he importance of the choice of forum is further diminished when a derivative suit or class action is brought by the plaintiff."), and it further appearing that plaintiff Nowak Dental Supplies ("Nowak") advances claims against defendant Dentsply International ("Dentsply") for alleged violations of § 2 of the Sherman Act, 15 U.S.C. § 2, (see Doc. 1 ¶ 8), arising from Dentsply's exertion of monopolistic influence over distribution channels for its artificial teeth, (see id ¶¶ 35-38), and that litigation arising from identical facts has been pending in the District of Delaware since at least 1999 and continues to be ongoing, see United States v. Dentsply Int'l, 277 F. Supp. 2d 387, 390 (D. Del. 2003); see also Howard Hess Dental Labs. v. Dentsply, Int'l, No. 1:99-CV-0255 (D. Del.);[3] Jersey Dental Labs. v. Dentsply Int'l, No. 1:01-

---

[3] Nowak opposes Dentsply's motion because Nowak was previously a defendant in Howard Hess and successfully sought dismissal for lack of personal jurisdiction and improper venue in Delaware. 516 F. Supp. 2d at 338-39. However, its attempt to avoid transfer based on personal jurisdiction is unavailing because jurisdiction may be raised by *defendants* but not by *plaintiffs*, who consent to jurisdiction and venue when filing an action. See Viron Int'l Corp. v. David Boland, Inc., 237 F. Supp. 2d 812, 818 (W.D. Mich. 2002) (granting motion to transfer over plaintiff's objection that the transferee court lacked personal jurisdiction over it because "plaintiff *could* have filed" its case in the transferee district); see also Youngblood v. JTH Tax Servs., No. 06-CA-308, 2006 WL 1984656, at *3 n.3 (W.D. Tex. 2006) ("[T]his Court is not aware of any case in which transfer was denied on the basis of the plaintiff's objection to personal jurisdiction in the transferee district."). Its venue-based objection is similarly unavailing because venue is likewise adjudged based on the residency of the *defendant*, here Dentsply. 28 U.S.C. § 1391(b)(1), (c); see also 15 U.S.C. § 22. Venue against Dentsply is appropriately laid in Delaware, as evidenced by the extensive antitrust litigation against it in that state.

CV-0267 (D. Del), and the court concluding that the district court for the District of Delaware is well-acquainted with the record developed in these cases and is therefore best suited to determining the effect, if any, of its prior decisions regarding Dentsply's anticompetitive conduct on this matter, see Reiffin v. Microsoft Corp., 104 F. Supp. 2d 48, 57 (D.D.C. 2000), that this litigation will likely present antitrust issues similar or identical to those raised in the matters presently underway in Delaware, that it will require production of similar evidence, and that it will implicate testimony by the same witnesses,[4] and the court further concluding that transfer will minimize the risk of inconsistent results among the various Dentsply antitrust cases, see Salperto v. Pohlad, No. Civ. A. 93-167, 1994 WL 794756, at *4 (D. Del. Jan. 6, 1994) (stating that reduction of the possibility of inconsistent results is a factor supporting transfer), and that this matter, as a putative class action with nationwide scope is most efficiently handled in Delaware, which will facilitate convenient reference to the records developed in the preceding cases against Dentsply, and the court finding that, in light of the similarity of issues presented by this matter and those currently pending in Delaware, "[i]t would be a gross waste of judicial resources for this Court to litigate the merits of Plaintiff['s] claims from scratch" in this district, Yang v. Odom, 409 F. Supp. 2d 599, 608 (D.N.J. 2006), it is hereby ORDERED that:

1. Defendant's motion (Doc. 22) to transfer venue is GRANTED. The above-captioned matter is TRANSFERRED to the United States District Court for the District of Delaware.

2. The Clerk of Court is instructed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] Nowak argues that Dentsply's motion should be denied because two consolidated matters advancing similar claims are presently before this court. See Univac Dental Co. v. Dentsply Int'l, No. 1:07-CV-0493 (M.D. Pa.). However, Dentsply's decision to refrain from seeking transfer in Univac is simply insufficient to countervail the weighty factors favoring the pending transfer request. See supra note 1 and accompanying text.